Fourth case for argument today is Sunco International Inc. v. Jiangsu Sunco Boiler Co., Ltd. Mr. Sedlin. Thank you, Your Honor. Michet Sedlin on behalf of Sunco Boiler and the other remaining defendants. The district court here declined to enforce arbitration based upon an eerie prediction that the Illinois Supreme Court would never recognize direct benefit estoppel. I would like to discuss first this morning why that eerie prediction is incorrect and second, why direct benefit estoppel applies on the facts as alleged in the complaint. I don't understand how estoppel gets into this at all. The Supreme Court keeps saying that arbitration is a creature of contract. Estoppels are not contractual in nature. Aren't we bound by the Supreme Court's decision that you arbitrate if you have a contract and not otherwise? Estoppel to arbitrate sounds like it's wholly outside the Supreme Court's jurisprudence. Well, the question as to whether the contractual provision applies is a matter of state law. So the question is ultimately taking the next step, what would the Illinois Supreme Court say? No, you're not addressing my question. If the Supreme Court says that arbitration depends entirely on contract, what role can estoppel play? State courts can say what they want, but we are bound by what the Supreme Court tells us. My understanding is that when the estoppel doctrine applies under state law, that means state law is saying as a matter that that contractual provision applies. And I understand the gist of your— The problem is it's not contractual. It's equitable. I understand, Your Honor, but— But they're different bodies of law. That's what led to my question. I understand, Your Honor. I gave you the best answer I could. My second best answer is as a matter of binding case law from this court and ever in other cases, you know, if the direct benefits doctrine does apply as a matter of either state law or federal common law, then arbitration can be enforced on a non-segregatory third party. I'm not aware of any case that has called that syllogism into question, and therefore I stand behind my answer. Now, under those cases and getting into that Erie prediction, we respectfully submit that the district court just got this Erie prediction wrong. There's kind of two ways, two factors that this court has said courts should look to to make that Erie prediction. One, if there is no state Supreme Court case on point. One, what do other state courts from other jurisdictions say? Here on page 30 of our opening brief, we cited a bunch of federal cases making Erie predictions and state cases all recognizing this well-established doctrine, many of them in the arbitration context. My friends on this side cite no cases. The other thing that this court looks at is what do intermediate state courts say? In this circumstance, there's a couple of intermediate state courts that this court cited in the Coatney case, Schneider, Peterson, and we cited a couple of others in our brief. Each one of those do a factual inquiry into whether the standard for direct benefit estoppel applies. None of them say or even arguably suggest that- Let me ask a different question. Yes, Your Honor. What is the benefit to Sunco International on which this direct benefits doctrine is supposedly based? The benefits that it is seeking to invoke, well, Dr. Sean is seeking to invoke on its behalf in this purported derivative lawsuit is one, the trade secrets, which only belong to Sunco International by virtue of the joint venture agreement. The division of business opportunities both inside of China and outside of China, which division only is made by the joint venture agreement. That sounds like a statement that it's in business. I'm trying to figure out what is the benefit to it that supposedly binds it to arbitrate. I can certainly see how the founder, Sean, is bound to arbitrate. But what is the supposed benefit to the corporation? You're treating a corporation as if it were a living being that had a value of life as opposed to the corporation being a nexus of contracts for the benefit of the investors, which is the normal way to understand corporations in American law. That's my puzzle. Right. So the way the direct benefits of Staple doctrine works, you've got to take the bitter with the sweet. So the question is, is Dr. Sean on behalf of Sunco International trying to get some sweet? And he obviously is. Every single claim in his complaint is ultimately based on a benefit that the corporation allegedly got from the joint venture agreement. It wouldn't have any right to, for example, assert that Sunco Boiler took some of its corporate opportunities. Suppose Sunco International were dissolved. Could it bring a wrongful death suit? No. No. Because it's not alive, right? I don't think you're getting the nature of my problem. Yes, sir. But corporations don't have value to themselves. They have value to their investors, their stockholders, their bondholders, maybe their employees, but not to themselves. That's my problem. Maybe I didn't drink my coffee enough this morning. I'm not following the import of that insight when you have a lawsuit being brought against us saying, you took some of our corporate opportunities. So if Dr. Sean does have the right to bring that derivative claim, then the benefit… That's a different problem, and you might well be entitled to arbitrate with Sean. But if you are arguing something called direct benefit estoppel, you're trying to bind Sunco International to a promise that was made only by Sean. And I'm trying to figure out what is the benefit to a corporation as opposed to benefits to its investors, like Sean, who's already bound by contract to arbitrate. The benefits to the corporation is, among other things, the division of business opportunities between Sunco International and Sunco Boiler. Why is that not a benefit to the investors? Well, right, you're just back to treating a corporation as if it were a living being rather than a nexus of contracts. Again, Your Honor, I must not be following the question. The lawsuit here is brought derivatively on behalf of Sunco International saying… That's a separate problem. It's not at all clear that Sean can litigate derivatively on behalf of Sunco. I'll be asking that question of Mr. Phillips. I don't understand how Sean can avoid arbitrating. I agree with that… We're focusing on Sunco International. Right. Your Honor, and accepting for purposes of this argument the allegations as true, Dr. Sean is claiming that Sunco International itself has certain rights, whether it's to trade secrets, whether it's to a division of business opportunities within China vis-à-vis Sunco Boiler. That could all be wrong, but accepting those as true, then it must be that Sunco International, the corporation, the joint venture, has the right to those business opportunities because of the joint venture agreement, and the joint venture agreement has the bitter or the sweet. Well, I don't think arbitration is bitter, but just for a turn of phrase, has both those division of business opportunities and also the arbitration clause. Sunco International could not avoid the arbitration clause while at the same time asserting the rights to the business division that is in that same joint venture agreement. Counsel, could I ask you a question about your eerie guess of what Illinois Supreme Court would do? The cases that you cite, Cote and Snyder and those cases, they kind of apply the analysis to the facts of the case and then come out and say, well, it doesn't apply here. It's not clear to me whether those courts expressly adopted the direct benefits estoppel in the way that you suggest, but the closest clear statement I found was in Snyder when Snyder says, we decline the request to overrule Irwin, and in Irwin, the appellate court specifically said, we decline to follow federal decisions that adopt this expanded interpretation of equitable estoppel, which is that using equitable estoppel to bind non-signatories to compel arbitration. And the Irwin court goes on, because they're inconsistent with the basic principle of arbitration, that a party cannot be required to submit arbitration to any dispute which he has not agreed so to submit. So it seems to me the most definitive statement that we have from the Illinois courts, at least, is Snyder and Irwin, and Snyder basically reaffirming Irwin that, you know what, equitable estoppel in Illinois doesn't apply to non-signatories. I do not think that's the best reading of Snyder. If that was the reading of Snyder, the rest of Snyder wouldn't make any sense. Well, then how do you make sense of this phrase, as such we decline the defendant's request to overrule Irwin and expand the doctrine of equitable estoppel? Expand the doctrine. What the Irwin case was saying is there are federal common law cases that treat it broadly or more narrowly. Broadly as it applies to non-signatories. And what Snyder seems to suggest is that that's right, and we're not going to expressly adopt that, apply that here. I mean, obviously it's an eerie guess. I read Snyder as actually applying the tighter standard. You know, we also have Peterson and the two other cases. None of them suggest that this is cut off. I think the fairest reading of those is the same thing this court did in Koteny, is a tight notion of direct benefits estoppel, but a real one that actually does apply to the case. You know, for example, if you look at the American economic insurance case, that's also an Illinois court of appeals. They actually distinguish this court's decision in Everett, which applies Wisconsin law to bind a party under direct benefits estoppel. None of that makes any sense if there's a bright-line rule that the district court here set. And even if Your Honor believes that that might be, you know, a reading of Snyder, you've got to take Snyder, Peterson, American economic insurance, a state of Dukes into account and also take it – I understand that. I think we have your position, Your Honor. Thank you. Mr. Phillips. Good morning, counsel. Good morning. May it please the court. My name is Lou Phillips. I am here on behalf of the plaintiffs Eppleese, Sunco International, and Dr. Shan Derivatively on behalf of Sunco. The first thing I'd like to address is that Dr. Shan is not asserting any individual claims within the complaint. It is a derivative action that is being brought. Then why does the caption say he is a party? The caption – It lists him and says there are multiple parties, Sunco International and Shan, plaintiffs, Eppleese. Correct. And the caption identifies Dr. Shan as derivatively on behalf of Sunco. The first paragraph of the complaint does the same. And then in the complaint, there are paragraphs of – In a normal derivative action, the caption would be Shan on behalf of Sunco. Right? One litigant, and it would be Shan. Shan has agreed to arbitrate, so that would be perfectly straightforward. Another conception of derivative litigation is that in the derivative suit, whoever is authorized to litigate for the corporation has just taken over from the board. In that event, the caption reads, Sunco International, and Shan is not a party. I don't understand any theory of derivative litigation in which both Shan and Sunco International are listed as parties. Is there some peculiarity of Illinois law that I'm not grasping? So the reason – the intent was for it to be a derivative action to bring claims against the – Exactly. So how does Illinois require derivative actions to proceed? Illinois is a Model Business Corporations Act state. Yes. Is there some – in Model Business Corporations Act, this would be named as Sunco International versus – right? Shan wouldn't be a party. Yes. He would just be ex-rel, right, on the relation of. Yes. Is there some peculiarity in Illinois law that ends up with both of these things being named as parties? All right. So the answer is you don't know. Second question, how is this properly a derivative suit? Does Illinois allow the controlling party to litigate derivatively on behalf of a corporation? The norm in derivative litigation is when the board of directors cannot be trusted for one reason or another to implement what's good for the corporation. That is, the board is superseded by some outsider. But Shan is not an outsider. He's an insider. Does Illinois allow this kind of derivative litigation at all? Model Business Corporation doesn't permit this kind of thing. Maybe there's some peculiarity in Illinois, even though it claims to be a Model Business Corporation Act state. I'm asking this because in order to figure out who, if anybody, has to arbitrate, we really need to figure out who the parties are. Okay. If indeed this is a proper lawsuit at all. Which I doubt. So the intent of the complaint was to bring it for the benefit of the corporation. Then the corporation brings it in its own name. Shan controls the corporation. It's not a derivative suit at all. I can't see any rationale on which this is a derivative suit. Okay. As I say, I'm thinking here, Illinois is a Model Business Corporation Act state. If this were a Delaware corporation, this couldn't conceivably be a derivative suit. But we have the Model Business Corporation Act here. And I can't see how under the Model Business Corporation Act this is a derivative suit. This might be a suit in the name of the corporation. That's fine. It's corporation versus the other side. Right. So that was my ignorance on that. Have you looked up how Illinois handles corporate derivative litigation? I thought I had understood that if there are directors that are implemented with wrongdoing, and you want to get permission to sue them, or you want the company to sue them, you would have to say that it was futile, that they wouldn't agree because you're suing directors. So I misunderstood that. Are you saying that a majority of the board would prevent this case from going forward? Yes. That might make it derivative, though then I don't see how Shan would be a litigant. I don't think he is a litigant. He is named in the caption as a plaintiff. That's why your caption says there are two plaintiffs. Well, he's not named individually. He's named on behalf of Sunco to accomplish their plan. Then there's just one plaintiff. Yes. If you have a key Tom action where it's United States by and through Jones versus wrongdoer, there's just one plaintiff. The rationale, which is flawed now, is there are claims against individuals that are not board members and not shareholders. So Shan was bringing it on behalf of the corporation. And then because I've implicated directors who are on the board, I thought I had to bring also derivative as an action. But it's still just one plaintiff. It's still Sunco International. So that could get cleaned up in the underlying case because the case isn't dismissed. It just wouldn't go up. But it's here right now. We have an appeal saying that at least one of these plaintiffs has to go to arbitration because Shan has personally agreed to arbitrate. I agree that Dr. Shan, if he brought individual claims in this lawsuit, the arbitration clause would have to be analyzed because he did sign it. Again, when you look at the complaint, there is no relief sought on behalf of Dr. Shan individually. There is no injury sustained by Dr. Shan individually. And so that in of itself is just a caption phrasing improperly with the intent that I had of Sunco bringing the claim. And I just used perhaps wrong wording. So counsel, what you're saying is just a failure of properly pleading, putting the caption, putting the names on the caption. Let me ask you substantively. So how many directors does the corporation have? There are three. Okay. And who are they? One is a representative appointed by Sunco Boiler, who is Guoping Xu. Yes. The other one is Yang Dongxiu. And the other one is Dr. Shan. So two of the three directors are implicated as alleged wrongdoers in the complaint. That's correct. Okay. And so did Dr. Shan ask the board formally to bring this lawsuit? No. He sent letters asking them to take remedial action. He had asked that litigation was imminent. Did he ask them to appoint an independent committee to evaluate the claim? That's another step required by state law. So the complaint has alleged that when you look at when Dr. Shan had complained to the two board members. You can answer my question yes or no. Did he ask the board to appoint an independent committee? He did not. When he did raise the issues of the board's inappropriate act. If you go back and read the Model Business Corporation Act rules for derivative litigation, you might see where some of these questions are coming from. I was relying on the concept that if it's futile to get that type of approval because you're implicating the board members for their wrongdoing, that that is a basis for proceeding. And when you look at when Dr. Shan. It's a basis for asking the board to appoint an independent committee. Right. And you're asking the same board members that are implicated in the wrongdoing.  That's. Okay. I can't deliver a class in corporate litigation. Okay. You need to have worked through this before suing. On that fact, just to close it out, when he did raise these issues with the directors, what they did was they took actions to try to dissolve the entity, try to remove him and take. And then that's when they then took the trade secrets, closed down Blue Horizon, which was the subsidiary. All those acts is what was supporting the allegation that it's futile to seek permission from the board of directors. Recognizing now that he didn't ask for the board to approve an independent board to make that decision. You know, I also think the district court, you know, not only finding that Illinois doesn't embrace the doctrine, also noted that the motion failed to meet its burden by not attempting to even demonstrate that even if the doctrine didn't apply, that would meet the doctrine standards. I will rely on my brief as to the arguments as to why they, even if the doctrine did apply, why it would not apply in the fact of this case, because none of the causes of action stem from provisions of the contract. And for that reason, and the reason it stayed in the brief. Thank you, Mr. Phillips. Thank you. Did Mr. Sussman have any time remaining? That's what I thought. So the case will be taken under advisement.